kaw

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 04-40149-JAR |
| vs. | ) | Case No. 07-4057-JAR |
| | ) | |
| MICHAEL A. CAVE, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER DENYING PETITIONER'S
## 28 U.S.C. § 2255 MOTION

The Court now considers petitioner Michael Cave's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 54). Petitioner's motion raises multiple claims of ineffective assistance of counsel and one claim for violation of the Sixth Amendment. The Court has determined that an evidentiary hearing is not required. For the reasons stated below, petitioner's motion is denied.

## I.     Background

Travis Lambert, a friend of petitioner, was arrested for possession of 856.4 net grams of methamphetamine. Lambert was stopped in Lyon County, Kansas in a vehicle registered to Angus Construction Company ("ACC"). Petitioner is the owner of the company. After interviews with the Drug Enforcement Agency ("DEA"), Lambert admitted that he purchased the drugs in Phoenix, Arizona and was traveling to Des Moines, Iowa to sell them. Lambert also stated that he was employed by ACC, that petitioner gave him $15,000 to purchase the drugs, and that petitioner expected to make $50,000 upon sale. The DEA corroborated Lambert's

statements through recorded phone conversations between Lambert and petitioner. Subsequently, the DEA interviewed petitioner and he denied having any knowledge that Lambert was using his company vehicle to purchase and deliver drugs. Petitioner also denied having any conversations with Lambert during the days the phone calls were recorded.

Petitioner was eventually indicted on charges of possession with the intent to distribute 850 grams of a mixture containing methamphetamine, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. He pled guilty to violation of 18 U.S.C. § 4, misprision of a felony, and was sentenced to twenty-one months in prison followed by twelve months of supervised release. The maximum penalty under the statute for which petitioner was convicted is not more than three years imprisonment, a $250,000 fine, and a year of supervised release. In his plea agreement, petitioner waived his right to appeal or collaterally attack any matter connected with his prosecution, conviction, or sentence. Petitioner also waived the right to challenge or modify his sentence through a § 2255 motion, except to the extent the court departed from the guideline range.

Throughout the proceedings, petitioner was represented by counsel. Petitioner claims he received ineffective assistance of counsel because counsel failed to alert him to the "lifetime penalties"[1] imposed on him at sentencing. More specifically, petitioner claims that counsel failed to explain to him that he would lose certain civil rights, such as the right to vote, bear arms, sit on a jury, or obtain certain professional licenses.

## II.    Applicable Law

### *Pro Se Petitioner*

---

[1] Defendant refers to the right to vote, right to bear arms, right to be on jury, and the right to obtain certain professional licenses as "lifetime penalties."

Because petitioner appears pro se, the Court must remain mindful of additional considerations. A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[2] Thus, if a pro se petitioner's complaint can reasonably be read "to state a valid claim on which [he] could prevail, [the court] should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[3] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[4] For that reason, the court should not "construct arguments or theories for [petitioner] in the absence of any discussion of those issues,"[5] nor should it "supply additional factual allegations to round out a [his] complaint or construct a legal theory on [his] behalf."[6]

### Ineffective Assistance of Counsel

In order to succeed on a claim of ineffective assistance of counsel, petitioner must meet the two-prong test set forth in *Strickland v. Washington*.[7] Under that test, petitioner must first show that his counsel's performance was deficient because it "fell below an objective standard of reasonableness."[8] Second, he must show that counsel's deficient performance actually

---

[2]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 1972)).

[3]*Id.*

[4]*Id.*

[5]*Drake v. City of Fort. Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[6]*Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[7]466 U.S. 668 (1984).

[8]*Id.* at 688.

prejudiced his defense.[9]  "In the context of a guilty plea, the prejudice prong requires a defendant to show that 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[10]  In considering petitioner's claims, the Court must be mindful to "address not what is prudent or [even] appropriate, but only what is constitutionally compelled."[11]  "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance,' [and] the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged actions was not sound strategy."[12]  Counsel's performance must be considered from counsel's perspective at the time of the alleged error and in light of all the circumstances.[13]  Finally, petitioner's statements on the record, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."[14]

## III.    Petitioner's Claims

Petitioner contends that his counsel throughout the proceedings performed ineffectively because counsel failed to: (1) warn him that he would suffer civil penalties as a result of his felony conviction; and (2) argue and preserve for appeal the issue of whether the loss of civil

---

[9]*Id.*

[10]*United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005); *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

[11]*Burger v. Kemp*, 483 U.S. 776, 794 (1987); *see Bryan v. Mullin*, 335 F.3d 1207, 1224–25 (10th Cir. 2003).

[12]*Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689).

[13]*Id.*; *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[14]*United States v. Romero-Gallardo*, 113 Fed. App'x 351, 353 (10th Cir. 2004), *cert. denied*, 544 U.S. 911 (2005) (quotations omitted).

rights violate his Sixth Amendment right to jury trial.[15]

### *Warn of Civil Right Privileges*

Although the two prongs are generally stated as sequential steps in the ineffective assistance analysis, "courts 'do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice.'"[16]  In analyzing the prejudice prong, the petitioner must show that, "'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[17]  In this analysis, petitioner's allegations and conclusory remarks that he would have insisted on trial is insufficient to obtain relief.[18]  The Court must look to the factual circumstances surrounding the guilty plea and whether the outcome of the case would have been different if counsel had not committed any errors.[19]

The Court finds that petitioner was not prejudiced if, in fact, his counsel failed to warn him of the loss of certain civil rights.  First the Court notes that during the change of plea colloquy, the Court informed petitioner that "[t]here are civil rights consequences of being found guilty of [a felony] . . . . [Y]ou lose the right to vote, you lose the right to serve on a jury. . ., and you lose the right to possess or purchase any kind of firearm.  Do you understand that."  Petitioner responded "yes, your honor."  In fact, during his plea hearing, petitioner affirmed that his attorney reviewed these civil penalties with him before he entered his plea of guilty.

---

[15]The Court notes that petitioner's complaint is not clear as to his claims, but applying the pro se liberal standard, the Court construes petitioner's claims as listed.

[16]*United States v. Luna*, 455 F. Supp. 2d 885, 893 (N.D. Iowa 2006) (quoting *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citations omitted)).

[17]*United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002) (quoting *Miller v. Champion*, 262 F.3d 1066, 1073 (10th Cir. 2001)).

[18]*Id.*

[19]*Id.*

Petitioner, now, can hardly argue that his counsel failed to alert him to these civil rights that he has lost as a result of his felony conviction.

Moreover, the evidence accumulated against the petitioner spoke volumes. The government had substantial evidence, including recorded phone conversations of petitioner speaking with Lambert. In those conversations, petitioner spoke of the transaction that Lambert intended to complete while in Kansas City and Iowa. On a number of occasions, petitioner would ask Lambert if he had the money and on others stated that he liked the fact that Lambert did not use the drugs that were for sale. In that conversation, Lambert stated "never get high on your own supply," to which petitioner responded, "you never do, and that's what I thought you were doing." In addition to the phone conversations, the government had the cooperation and testimony of Lambert and the vehicle registered to petitioner's construction company. The Court finds that petitioner would not have likely insisted on trial as the evidence against him was overwhelming, and thus, has suffered no prejudice.

### *Right to a Jury Trial—Sixth Amendment Violation*

Petitioner's next argument is quite convoluted. The gist, however, seems to be that the loss of his civil rights violates his Sixth Amendment right to a jury trial. Petitioner contends that because 18 U.S.C. § 4 carries a maximum sentence of not more than three years, and because he has lost the right to vote, bear arms, sit on a jury, or obtain certain professional licenses for a period longer than the three year maximum, his right to a jury trial was violated. For this claim, petitioner relies on *Apprendi v. New Jersey*[20] and *Blakely v. Washington*,[21] necessitating a review of those cases to dissect petitioner's claims.

---

[20]530 U.S. 466 (2000).

[21]542 U.S. 296 (2004).

Charles Apprendi was indicted on charges stemming from the firing of bullets into the home of an African-American family in New Jersey.[22]  During interrogations, Apprendi stated that he fired into the home because the family was African-American and he did not want them living in the neighborhood, a statement he later retracted.[23]  Apprendi entered a plea agreement in which he plead guilty to two counts of second-degree possession of a firearm and one count of third-degree possession of an antipersonnel bomb.[24]  The second-degree offenses subjected Apprendi to a penalty of five to ten years and the third-degree offenses, a penalty of three to five years.[25]  According to Apprendi's plea agreement, the trial judge could enhance his sentence if the judge determined by a preponderance of the evidence that Apprendi committed the crime with a biased purpose.[26]  The judge held an evidentiary hearing on the issue and found by a preponderance of the evidence that Apprendi acted to intimidate his victims and therefore, the hate crime enhancement applied.[27]  The case was subsequently appealed to the New Jersey Supreme Court, where Apprendi argued, *inter alia*, that the Due Process Clause of the United States Constitution required that findings of bias on which an enhancement is made for sentencing purposes must be found by a jury.[28]  The New Jersey Supreme Court affirmed the trial court's decision.[29]

---

[22]*Apprendi v. New Jersey*, 530 U.S. 466, 469 (2001).

[23]*Id.*

[24]*Id.* at 469-70.

[25]*Id.* at 470.

[26]*Id.*

[27]*Id.* at 471.

[28]*Id.*

[29]*Id.* at 472.

The United States Supreme Court granted certiorari to analyze the issue it found relevant: "whether Apprendi had a constitutional right to have a jury find such bias on the basis of proof beyond a reasonable doubt."[30]  After a surgical review of the right to a jury trial as it stems from history and the Constitution, Justice Stevens held that "any fact that increases the penalty for a crime beyond the proscribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[31]  In Justice Stevens' position, having a judge find facts by a preponderance of the evidence in order to enhance a penalty nullifies the right that is guaranteed to every defendant that a jury of his peers find the relevant facts to base the punishment.[32]  The case was accordingly reversed.[33]

In *Blakely*, the Supreme Court considered the same issue in the context of the United States Sentencing Guidelines.  Howard Blakely was convicted for kidnaping his wife, a crime carrying a maximum sentence of 53 months in prison.[34]  At sentencing, the judge listened to the victim's version of the facts and found that the Blakely had acted with "deliberate cruelty," a statutory ground for enhancement of punishment.[35]  In that hearing, the judge made 32 findings of facts.[36]  On appeal to the Supreme Court, Blakely presented the same issue resolved in *Apprendi*; whether the judge's fact-finding violated his Sixth Amendment right to a jury trial.[37]

---

[30]*Id.* at 475-76.

[31]*Id.* at 490.

[32]

[33]*Id.*

[34]*Blakely v. Washington*, 542 U.S. 296, 298 (2004).

[35]*Id.* at 300.

[36]*Id.*

[37]*Id.*

8

Quite easily, the Court dismissed any confusion *Apprendi* may have caused.  With a rehash of the *Apprendi* Court's reasoning, the *Blakely* Court held as *Apprendi* did that "other than a fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[38]

Petitioner's argument falls far short from those presented by defendants in *Apprendi* and *Blakely*.  First, petitioner fails to realize that the "lifetime penalties" he suffered did not result from fact findings made by this Court during sentencing; rather, they are a result of state and statutory laws.[39]  Most states provide that felons lose the right to vote and serve on a jury upon conviction.  More importantly, the Supreme Court had said that disenfranchisement of felons is not unconstitutional,[40] and most states have so followed.[41]  Second, when a defendant is convicted of a felony, he or she loses certain civil rights, which generally can be restored.[42]  Finally, petitioner provides the Court with no legal authority whatsoever for the proposition that his civil rights have been taken away for life.  Petitioner seems to argue that each state that he may ever move to after completing his sentence will not let him vote, sit on a jury, own a firearm,[43] or own certain professional licenses.  That notion is simply incorrect.  Without any

---

[38]*Id.* at 301 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

[39]*See e.g.*, K.S.A. § 21-4615; A.R.S. § 13-904. (Explaining that any person convicted of a felony loses the right to vote and serve on a jury).

[40]*Richardson v. Ramirez*, 418 U.S. 24, 56 (1974).

[41]*See Hayden v. Pataki*, 449 F.3d 305, 315 (2d Cir. 2006); *Woodruff v. Wyoming*, 49 Fed. App'x 199, 201 (10th Cir. 2002); *Shepherd v. Trevino*, 575 F.2d 1110, 1112 (5th Cir. 1978).

[42]*See e.g.*, K.S.A. § 21-4615.  In Kansas, a convicted felon loses the right to vote and serve on a jury until the terms of the sentence are complete.

[43]Most states and federal law restrict the possession of a firearm by a convicted felon.  A.R.S. § 13-904; 18 U.S.C. § 922(g);  Federal law restricts possession, however, even if the underlying conviction was a state felony.  *United States v. Baer*, 235 F.3d 561, 563 (10th Cir. 2000)

ground for his argument, the Court is constrained to deny petitioner's claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant's Motion

Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 54) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 27th day of November 2007.

 S/ Julie A. Robinson

**Julie A. Robinson**
**United States District Judge**

10